**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| BERNARD ROLAND | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 15-00040 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| BRANCH BANKING & TRUST CORPORATION, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING DEFENDANTS' MOTION TO DISMISS AND TRANSFERRING VENUE

**I. INTRODUCTION**

On January 12, 2015, *pro se* Plaintiff Bernard Roland filed this action against Defendant Branch Banking & Trust Corporation[1] ("BB&T") and Defendant Samuel I. White P.C. ("White P.C.") alleging various violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and common law arising out of a foreclosure action concerning real property in Maryland. *See* Compl., ECF No. 1. Defendants have filed a motion to dismiss the Complaint on various grounds. *See* Defs.' Mot. Dismiss, ECF No. 5. For the reasons explained below, the Court will deny Defendants' motion to dismiss the Complaint for insufficient service of process and

---

[1] The Complaint names "Branch Banking & Trust Corporation" as a Defendant. *See* Compl. Without providing an explanation, Defendants refer to this Defendant as "Branch Banking and Trust Company," *e.g.,* Defs.' Mot. Dismiss, ECF No. 5, and in its Corporate Disclosure Statement, this Defendant states that "Branch Banking and Trust Company is a wholly owned subsidiary of BB&T Corporation," Defs.' Corporate Ownership Stmt. ¶ 3, ECF No. 7. Given the lack of explanation for the discrepancy or any claim that this discrepancy is relevant to Defendants' motion to dismiss, the Court here uses the same name used in the Complaint to refer to this entity. This has no impact on the Court's decision to transfer the case for improper venue.

improper venue and will transfer venue to the District of Maryland pursuant to 28 U.S.C. § 1406(a).

## II. FACTUAL BACKGROUND

In February 2008, Mr. Roland executed a mortgage loan agreement with Liberty Mortgage Corporation ("Liberty") against property located Fort Washington, Maryland. *See* Compl. ¶ 5; Note, Defs.' Mot. Dismiss Ex. C, ECF No. 5-4.[2] Mr. Roland alleges that Liberty dissolved in 2011 and that BB&T subsequently "appeared claiming to be a note holder." Compl. ¶ 5. On November 5, 2013, substitute trustees commenced a foreclosure proceeding against Mr. Roland in Maryland state court relating to the property. *See Driscoll v. Roland*, Case No. CAEF13-3386 (Md. Cir. Ct. Prince George's Cnty.). Defendant White P.C. appears to have represented the substitute trustees in that action. *See id.* After the commencement of the foreclosure proceeding, Mr. Roland filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland. *See In re Roland*, Case No. 14-21649-WIL (Bankr. D. Md.); Defs.' Mot. Dismiss Ex. D, ECF No. 5-5 (docket sheet).

Mr. Roland commenced this action against Defendants on January 12, 2015, seeking to represent a class of similarly situated plaintiffs,[3] and claiming various violations of the Truth in

---

[2] Although a court generally cannot consider matters beyond the pleadings at the motion to dismiss stage, it may consider "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal citations and quotations omitted).

[3] The Court notes that, as a general rule in this Circuit, a *pro se* litigant cannot represent a class of similarly situated plaintiffs. *See Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (stating that an individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in . . . court as counsel for others"); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Westinghouse TRU Solutions LLC*, No. 03-7120, 2004 WL 180264

Lending Act, breach of fiduciary duty, and common law fraud primarily arising from the foreclosure proceeding in Maryland state court. *See* Compl. On the same day, a process server hired by Mr. Roland served a summons on Valena Metcalfe, a legal assistant employed by White P.C., at White P.C.'s offices in Rockville, Maryland. *See* Return of Service Aff. at 2, ECF No. 4. According to the process server's affidavit, Ms. Metcalfe was also an "authorized agent" of White P.C. for purposes of accepting service of process. *Id.* The next day, a different process server served a summons on Pam Adam-Motley, who, according to the process server's affidavit, was designated by law to accept service of process on behalf of BB&T. *See id.* at 1.

Defendants filed a joint motion to dismiss the Complaint pursuant to Rules 12(b)(1), (3), (5), and (6) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. Dismiss.

### III.  ANALYSIS

Defendants move to dismiss Mr. Roland's complaint on multiple grounds, including insufficient service of process, improper venue, *res judicata*, and various jurisdictional reasons. The Court first addresses the issue of service of process and finds that, on the record before the Court, it appears that service of process on both Defendants was valid. The Court then turns to the issue of venue. For the reasons explained below, though the Court finds that venue in this District is improper, the Court will deny Defendants' motion to dismiss the Complaint on that ground and instead, in the interest of justice, transfer venue of this case to the U.S. District Court for the District of Maryland, where it is proper, pursuant to 28 U.S.C. § 1406(a). In light of this ruling, the Court does not reach the remainder of Defendants' arguments in its motion to dismiss.

---

(D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

### A. Service of Process

Defendants argue that the Complaint should be dismissed or, in the alternative, service should be quashed, for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. *See* Defs.' Mem. Supp. at 3–5.

### 1. Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

The plaintiff has the burden of establishing the validity of service of process. "[T]o do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [of the Federal Rules of Civil Procedure] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotation marks omitted). "A signed return of service . . . constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 85–86 (D.D.C. 2009) (citing *O'Brien v. R.J. O'Brien Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). *Accord Pollard v. District of Columbia*, 285 F.R.D. 125, 127–28 (D.D.C. 2012); 62B Am. Jur. 2d Process § 273.

Courts in this District have recognized that "[w]here the defendant has received actual notice of the action, the provisions of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction of the court," because "[t]he rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Ali v. Mid-*

4

*Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 35–36 (D.D.C. 2006) (internal quotation marks and citations omitted). *See also Pollard*, 285 F.R.D. at 128 n.9 (same).

2. BB&T

Defendants argue that that service on BB&T was "insufficient." Defs.' Mem. Supp. at 4. Rule 4 of the Federal Rules of Civil Procedure states in pertinent part that a corporation may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Mr. Roland's process server states in her affidavit that she served the summons on Pam Adam-Motley, "who is designated to accept service of process on behalf of Branch Banking & Trust Corporation." Return of Service Aff. at 1. In their brief, Defendants state that "BB&T has no record of receiving the summons or complaint" and that "Pam Adam-Motley is not designated by law to accept service" on behalf of BB&T. Defs.' Mem. Supp. at 4. BB&T adds that it has "no record of any current or former employee or officer of BB&T with that name." *Id.* In his opposition, Mr. Roland states that his process server did not serve BB&T directly but rather served its agent for service of process, CT Corporation System.[4] Pl.'s Opp. Mot. Dismiss ("Pl.'s Opp.") at 27. Apart from the process server's affidavit, however, neither Defendants nor Mr. Roland provide the Court with any evidence in support of their factual claims regarding service,

---

[4] Indeed, according to the website for the North Carolina Department of the Secretary of State, CT Corporation System is the registered agent for "Branch Banking and Trust Company." *See* Corporations Division, N.C. Dep't Sec'y State, available at https://www.secretary.state.nc.us/Search/profcorp/4916566 (last accessed December 4, 2015). The Court also notes that CT Corporation System is also the registered agent for "BB&T Corporation." *See* Corporations Division, N.C. Dep't Sec'y State, available at http://www.secretary.state.nc.us/Search/profcorp/4987809 (last accessed December 4, 2015). Mr. Roland does not, however, offer any detail concerning Ms. Adam-Motley's relationship with CT Corporation System or provide the source of his information.

5

such as an affidavit from an officer or employee of BB&T with relevant knowledge or a supplemental affidavit from the process server.

Despite the lack of clarity in the process server's affidavit, in the absence of any other evidence, the Court finds that Defendants have not successfully rebutted the prima facie evidence that service was proper.  *See FROF, Inc. v. Harris*, 695 F. Supp. 827, 829 (E.D. Pa. 1988) ("[A] bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return.").  Moreover, Defendants' decision to not file a reply to Mr. Roland's opposition suggests that this may have been a simple misunderstanding.  Finally, even to the extent that service may have been imperfect in this case, the Court affords Mr. Roland, as a *pro se* plaintiff, some leniency in applying the rules for effecting service of process, particularly here, in which BB&T was clearly put on notice of Mr. Roland's claims and was able to timely file a motion to dismiss.  *See generally Erwin v. United States*, No. 05-cv-1698 (CKK), 2006 WL 2660296, at *6 (D.D.C. Sept. 15, 2006) (discussing courts' relaxed application of the rules governing service of process to *pro se* plaintiffs).

### 3.  Samuel I. White P.C.

Defendants also argue that service on Samuel I. White P.C. was "insufficient."  Defs.' Mem. Supp. at 4–5.

Mr. Roland's process server states in her affidavit that she delivered a summons to Valena Metcalfe, a "Legal Assistant & Authorized Agent of Samuel I. White, P.C."  Return of Service Aff. at 2.  Defendants do not dispute that Ms. Metcalfe received the papers and that she is a legal assistant but argue that service on White P.C. was improper, because the papers were not served "on a managing or general agent, or any agent authorized by appointment or by law to receive service or a manner prescribed or serving an individual."  Defs.' Mem. Supp. at 4–5.  In

his opposition, Mr. Roland states that his process server "served the person who is impliedly authorized to receive service of process and is apparently in charge of the office." Pl.'s Opp. at 27. He argues that delivery to Ms. Metcalfe was sufficient under Maryland law, citing Maryland's Rules of Court. *See id.*

The Federal Rules of Civil Procedure provide that a corporation may be served in the manner that the rules prescribe for serving an individual, *see* Fed. R. Civ. P. 4(h)(1)(A), and thus permit service on corporations by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1). Maryland's Rules of Court provide, in relevant part:

> Service is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer. If the corporation . . . has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Md. Rules 2-124(d).

As with the issues concerning service of BB&T, neither Defendants nor Mr. Roland provide the Court with any evidence in support of their relevant factual claims, such as an affidavit from a partner of White P.C. or Ms. Metcalfe or a supplemental affidavit from the process server.[5] The Court's holding here is therefore the same: Although it would have been helpful for Mr. Roland's process server to have provided additional information in her affidavit, Defendants have not sufficiently rebutted her affidavit as prima facie evidence of proper service. Moreover, even to the extent that service on White P.C. was imperfect, the Court affords Mr.

---

[5] Defendants' sole citation is to "Plaintiff's Proof of Service and attached hereto as Exhibit F." Defs.' Mem. Supp. at 5. Defendants did not, however, file an Exhibit F with their motion. The Court interprets this citation to merely refer to the return of service affidavit.

Roland some leniency, as it is clear that White P.C. was nevertheless put on notice and was able to timely file a motion to dismiss the Complaint.

The Court will therefore deny Defendants' motion to dismiss the Complaint for improper service or, in the alternative, to quash service.

### B.  Venue

Defendants next argue that the Complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.  *See* Defs.' Mem. Supp. at 5–6.  As discussed below, the Court finds that venue in this District is improper and exercises its authority to transfer venue of this case to the U.S. District Court for the District of Maryland.

#### 1.  Legal Standard

"To prevail on a motion to dismiss for improper venue, . . . the defendant must present facts that will defeat the plaintiff's assertion of venue."  *Ananiev v. Wells Fargo Bank, N.A.,* 968 F. Supp. 2d 123, 129 (D.D.C. 2013).  The burden, however, remains on the plaintiff to prove that venue is proper when an objection is raised, "since it is the plaintiff's obligation to institute the action in a permissible forum."  *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014) (internal quotation marks omitted).  In determining whether venue is proper, courts must accept the plaintiff's well-pled factual allegations as true, resolve any factual conflicts in the plaintiff's favor, and draw all reasonable inferences in favor of the plaintiff.  *See Hunter v. Johanns*, 517 F. Supp. 2d 340, 342 (D.D.C. 2007); *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 121 (D.D.C. 2003).  The court need not accept the plaintiff's legal conclusions as true.  *See 2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.,* 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

2.  Venue in the District of Columbia

Venue is proper in a district where (1) a defendant resides, if all defendants are residents of the State in which the district is located; (2) a substantial part of the events giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, wherever the defendants are subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

The first basis for venue is plainly inapplicable here, as it is uncontested that neither of the Defendants reside in the District of Columbia. The Complaint lists an address for BB&T in South Carolina and an address for White P.C. in Virginia.[6] *See* Compl. at 1; Defs.' Mem. Supp. at 6. Mr. Roland does not argue that this provision otherwise provides a basis for venue in his opposition to Defendants' motion to dismiss.

The second basis for venue is also inapplicable, as there is no indication that any of the events giving rise to Mr. Roland's claims, let alone a substantial part of them, occurred in the District of Columbia. For example, Mr. Roland does not allege in his Complaint that any of the events concerning the financing of the property at issue took place in the District or that Defendants engaged in any unlawful activity in the District. On the contrary, the Complaint alleges that the property is located in Maryland, and the foreclosure proceeding at issue took place in Maryland. Mr. Roland does not argue any differently in his opposition to Defendants' motion to dismiss.

Instead, Mr. Roland argues that venue in this District is proper because "the banks obtained a charter from the United States Congress," which places them "in a public-private

---

[6]   It is unclear why Mr. Roland provided a South Carolina address for BB&T in his Complaint. Defendants state that BB&T's principal place of business is in North Carolina, *see* Defs.' Mem. Supp. at 6, and Mr. Roland states in his opposition brief that BB&T is a North Carolina Corporation, *see* Pl.'s Opp. at 26. This discrepancy does not affect the Court's analysis.

9

partnership with United States" and requires that this case be heard in Washington, D.C. *See* Pl.'s Opp. at 20 (citing 4 U.S.C. §§ 71–72). He also cites the Supreme Court's statement in *Davis v. Elmira Sav. Bank*, 161 U.S. 275, 283 (1896) that "[n]ational banks are instrumentalities of the federal government" as support. *See id.* at 20. Essentially, Mr. Roland's sole basis for venue in this District is his proposition that any suit against any nationally-chartered bank can be brought in the District of Columbia. This proposition has no basis in the law. The statutory provisions that Mr. Roland cites merely provide that the District of Columbia shall be the permanent seat of the federal government, *see* 4 U.S.C. §§ 71–72, and the Supreme Court's decision in *Davis* concerned the supremacy of federal statutes governing national banks, *see Davis*, 161 U.S. at 283. Neither the cited statute nor *Davis* bear any relevance to the issue of whether venue is proper.

Finally, the third statutory basis for venue is inapplicable, because there is at least one other district in which venue would otherwise be proper. The property that is central to this case is located in Maryland, and many of the other events giving rise to Mr. Roland's claims, including the foreclosure proceeding, took place in Maryland, which, pursuant to 28 U.S.C. § 1391(b)(2), makes the District of Maryland a proper venue for Mr. Roland's claims.

The Court therefore concludes that venue in this District is improper.

### 3. Dismissal or Transfer

Having determined that venue in this District is improper, the Court must either dismiss Mr. Roland's Complaint or, if the Court finds that it is "in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The decision whether to transfer or dismiss "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). *See also*

14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3827 (3d ed. 2015) ("[I]t is enough simply that the district judge, in the sound exercise of discretion, concludes that transfer is in the interest of justice, as many courts have concluded."). "Generally, the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them." *William v. GEICO Corp.*, 792 F. Supp. 2d 58, 64 (D.D.C. 2011) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962); *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002)).

The Court finds that it is in the interest of justice to transfer this case to the U.S. District Court for the District of Maryland, rather than dismiss Mr. Roland's Complaint. The Court makes this determination based on several considerations. First, although Defendants argue that this case should be dismissed for improper venue, they do not address whether transferring venue would be appropriate, let alone mention 28 U.S.C. § 1406, or offer any reason for the Court to depart from the typical practice of transferring a case for improper venue, rather than dismissing it. *See* Defs.' Mem. Supp. at 6. Second, given the years of litigation in Maryland preceding this case, as well as the fact that this action has been pending in this Court for nearly a year, the Court finds that it would be more efficient and economical to transfer the case to the District of Maryland, rather than force Mr. Roland, a *pro se* plaintiff, to re-file and re-serve his Complaint in another District. *See* 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3827 (3d ed. 2015) ("District courts are also likely to order transfer rather dismissal than if it would be more efficient or economical to do so . . . ."). Finally, the Court finds that there would be no prejudice to either party in ordering a transfer. Defendants have previously engaged in litigation relevant to this action in the District of Maryland, and Mr. Roland states in his opposition brief that "[n]otwithstanding" his venue

argument, he "does not object to a transfer of this case to a Federal Court in Maryland." Pl.'s Opp. at 20.

Accordingly, the Court will transfer this case to the U.S. District Court for the District of Maryland pursuant to 28 U.S.C. § 1406(a).  The Court does not reach the remainder of Defendants' arguments in support of their motion to dismiss.

### IV.  CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss (ECF No. 5) and transfer this case to the U.S. District Court for the District of Maryland.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  December 14, 2015                                                                RUDOLPH CONTRERAS
                                                                                                         United States District Judge